IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HERMINIO VEGA,

                                      OPINION AND ORDER

        Plaintiff,

                                      17-cv-66-bbc

    v.

LIZZIE TEGELS and MELINDA DERUS,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Hermino Vega is proceeding on a claim that defendants Lizzie Tegels and Malinda Derus arbitrarily denied him visitation with his wife and children until he completes a domestic violence program, in violation of the First, Fourteenth and Eighth Amendments. Now before the court is plaintiff's "motion for relief from retaliation and order for transfer to another institution," in which he alleges that prison officials have rejected his grievances, conducted numerous searches of his cell, made "sly comments," denied him visitation with other family members, denied him medical care and refused him employment and entry into the domestic violence program at the prison, all in retaliation for filing this lawsuit. Dkt. #34. The motion will be denied.

      I understand plaintiff to be asking for leave to amend his complaint to add a First Amendment retaliation claim against unnamed defendants. Although courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), plaintiff's request to amend comes too late in this case. Defendants' motion for summary judgment on plaintiff's existing claims is

1

almost fully briefed.

A case would become unduly complicated if the court were to allow a plaintiff to add to an existing lawsuit new and separate claims as they arise. Godwin v. Sutton, 2005 WL 6169238, at *1 (W.D. Wis. Oct. 19, 2005). Therefore, with one exception, it is this court's policy to require plaintiffs to raise new claims of retaliation in a lawsuit separate from that alleged to have provoked the retaliation. Id.; Lagar v. Tegels, 2016 WL 6990011, at *9 (W.D. Wis. Nov. 29, 2016); Awe v. Endicott, 2007 WL 5514745, at *1 (W.D. Wis. Oct. 10, 2007). The exception applies when it appears that the plaintiff's allegations of retaliation show that the retaliatory acts directly and physically impair the plaintiff's ability to prosecute his lawsuit. Godwin, 2005 WL 6169238, at *1. Here, plaintiff's allegations do not suggest that he is being physically impaired in his ability to prosecute this lawsuit. Therefore, if plaintiff intends to pursue a retaliation claim, he will have to file a separate lawsuit and pay an additional filing fee.

ORDER

IT IS ORDERED that plaintiff Hermino Vega's motion for relief from retaliation and order for transfer to another institution, dkt. #34, is DENIED.

Entered this 14th day of June, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge